322-0479 Charles Till Appellant v. National Health Insurance Co. Appellee. Thank you. Good morning. Good morning. Good morning. Good morning, gentlemen. Mr. Kramer, are you ready to start? I am, Your Honor. Thank you. You may proceed. Justices, good morning. Counsel, good morning again. And may it please the Court, a review of the facts in the procedural history in this case show that the federal court Judge Thomas Durkin dismissed the plaintiff's ERISA claim based upon a subject matter jurisdiction motion to dismiss, a decision not based upon the merits under res judicata. In Judge Durkin's order, it reads in relevant part, prior to filing the motion, National General answered the complaint, admitting that the court has jurisdiction over the subject matter of the complaint, ERISA. Judge Durkin goes on to state, National General has moved to withdraw its answer and file a motion to dismiss for lack of subject matter jurisdiction pursuant to federal rule of civil procedure 12B1. In support of the subject matter jurisdiction motion, Judge Durkin goes on to state, National General argues that this policy is not an ERISA plan and that without an ERISA plan, there cannot be an ERISA claim conferring subject matter jurisdiction. Till argues that the court prohibit defendant from seeking dismissal for lack of subject matter jurisdiction. Till's argument ignores the fact that federal rules require subject matter jurisdiction to be examined at any point in a case. A review of the motion filed by the defendant in all pleadings filed with respect to the motion to dismiss by the defendant in federal court show that it was titled a motion to dismiss based upon subject matter jurisdiction and that each of the defendant's arguments address the application of ERISA and the court's subject matter jurisdiction not being present. In granting the defendant's subject matter jurisdiction motion to dismiss ultimately after several briefs had been filed and examining the issue based on subject matter of ERISA, the federal court stated because Till's ERISA claim is dismissed as a matter of law and not based on the plausibility of his allegations, repleading would be futile and the claim is dismissed with prejudice. But to the extent Till has brought a state law claim under the court supplemental jurisdiction, that claim is dismissed without prejudice. Judge Durkin, a review of the order shows that Judge Durkin's entire legal standard and analysis is focused on whether the case should be dismissed based upon subject matter jurisdiction. There was no alternative state theory pled though, correct? That is correct, your honor. But if you look at the federal preemption under ERISA, and this is significant, there is it's a complete, it's a complete preemption. And if you look at the brief filed, whether in the state court with DuPage or before your honors, the defendant doesn't cite to any ERISA case where res judicata was then subsequently applied. And the reason that is, your honor, is because there are none. And also because, and the reason there are none is because of the federal preemption. If you look at the cases cited that I think try to sidestep this issue by defendant, are the Colby case. And in the Colby case, your honor, they try to claim well, well, they here in this case, they try to, they had the opportunity to amend or add cases, or add claims rather. And that's not okay. That's not the case. If you review that case, it's clearly distinguishable in that case, the breach of contract claims that were brought by the plaintiff in that case, were based on separate contract that the defendants made with third party network providers, not the ERISA plan. And they didn't, the court wasn't required to interpret or apply any aspect of the ERISA plan with regards to that, those contract claims. Also they cite to the turn away case versus Liberty Life Insurance Company. In that case, your honor, all three, all three of the supplemental claims for breach of contract, bad faith and for emotional distress were in fact dismissed with prejudice. And in both the Colby and the turn away cases, they cite to the preemption of ERISA and no issue of res judicata was presented in either case. And again, judge, I would point that out because it's black letter law that a dismissal of a complaint for lack of subject matter jurisdiction is not considered a decision on the merits of that complaint. That's cited in the River Park versus City of Highland case that has been prevalent in the pleadings or in the briefs. Back to Judge Durkin's ruling, does he acknowledge anywhere in his ruling that you had not pled any state causes of action? He, well, judge, I'll acknowledge to you. I mean, we didn't because of the preemption. No, I understand that based on your argument. He acknowledges in his order, judge, and I have it right here. No, I've read it several times and I know he says to the extent that they are dismissed without prejudice. But the argument on the other side is, well, that's just kind of commonplace language. And there's no, there's no recital that or acknowledgement that there was no state claims. But judge, the other part of that ruling, I think it's significant for the wording of what judge Durkin and how, and your honor, just so you know, and I think council acknowledge this is, you know, everybody was proceeding like this was an Arisa case. Even before we, my clients spent 14 and a half months going through exhaustive administrative remedies and appeals that are only prevalent, only present your honor in Arisa claims. And then after he files the case, they acknowledge and admit to the jurisdiction under Arisa. And, but then judge Durkin, if you read, if you review his, his decision, he says, the Arisa claim is dismissed as a matter of law, matter of law is the subject matter jurisdiction and not based, not based on the plausibility of that allegations. If you review that river park case, judge, the federal court wasn't dealing with an Arisa claim. It was a 1983 claim that didn't have any preemption. You could have filed any and all claims that you wanted to. And in this case, we don't have that. We also in the river park case, we don't have an order from the judge saying the state law claims, any state law claims could, you know, we're not dismissed with prejudice. Also in the river park claim, judge, if you review that case in the decision, the court made it clear that they reviewed the, the, the, the allegations in the 12 B six motion on the merits of the claim, whether or not they had basically established that due process was denied in this decision by judge Durkin. The only thing he addresses is whether or not Arisa applies under a federal subject matter jurisdiction. He doesn't address the merits. And again, he says he's not basing any decision on the plausibility of the allegations. And in fact, any state law claims are that could be under the court supplemental jurisdiction are dismissed without prejudice to the extent, to the extent that they were pled. No, he doesn't say to the extent that they were put, you're right. Your honor. He does. He says to the extent that till has brought a state law claim. You're right. Which one were brought, right? But judge, so we're, we're supposed to ignore that part of the order. No judge. I don't want you to ignore any aspect of the order, but I think judge, if you look at the way rescue Dakota applies and you look at the entire order and the entire analysis, it's all about subject matter jurisdiction. He doesn't go into the merits of the claim and judge how, if I have a federal preemption, that's clear as day in every Supreme court case or any federal circuit case saying you are not allowed to bring state law claims when you're seeking the same type of remedy that you have under ERISA in the cases that are cited by the defendant, where other claims were brought, that they were for contracts that didn't have anything to do with the ERISA plan. And oh, turn away. Do you, do you agree with defendants characterization that they invited you to file a diversity to file the state claims under a diversity theory and you elected not to no judge. Yeah. There's nothing in this. No, I don't agree with that. There's nothing in there in the order that says that. In fact, the order, do you agree that that happened? No, I don't. I don't. It's not true. I don't believe that to be true. Judge. I, I do acknowledge judge that when we were moving ahead after the, ultimately after the decision was made and we were moving ahead with our state law claims, they acknowledged an email correspondence that we had the opportunity to file state claims. We, we provided that in our brief and in the documents that were supported on the record of appeal, but judge, there was nothing. There's nothing in any order and there's nothing in the case law that says that, okay, based on this, we had to refile in federal court. We followed the rule we had within 30 days under the law, we had to refile our claim. And that's what we did. We refiled the claim because it's state law that applied and there wasn't any pendant or supplemental jurisdiction because there wasn't a federal claim to be brought now. And at the end of the day, judge, like we have a situation here where an insurance company leads Charlie till through all of this maze of administrative process, that this is a group plan and ERISA plan that you have. Who made the application and bought a group plan? The application was the administrative. It was the, their group plan. It was their application. Who applied, who applied for that plan? Mr. Till. As, and they applied for a group plan. Right. And, and, and, and judge they treated, they, they knew that Charlie till filed for a group plan and they treated it because they told him this was the plan to apply for. He applies for that plan. And when he tries to, he gets sick, he goes into the hospital. Then they say, they're not going to cover those claims. And so then we, he has to appeal those decisions. And judge, if this was a case where certainly the insurance company judge, as opposed to Charlie till, a cab driver is going to know whether or not this is under ERISA or not under ERISA. It's their plan. And essentially what the, what the defendant wants, the insurance company wants to have happen here, your honor is there was never a decision on the merits of the claim. And if you say that he doesn't, that they didn't violate the law, he says on the, this decision is not based on the plausibility of the allegations, but judge, even if you're skeptical with regards to the, the, the, some of the wording in the order, the, the analysis for regards to rest judicata clearly states that subject matter jurisdiction doesn't apply to a final decision on the merits. It's clear in the decision that a final decision on the merits was not reached. And it's also clear that we in the, in the new claim there, even under the transactional test or the same evidence rule, we are bringing other new facts to light that would not have to be present in an ERISA claim. Are you, are you, are you, are you, I mean, let's stop talking about the evidence that's gone under the transactional test. Are you suggesting that this is not the same transactional set of facts? I'm not saying that it's not the same transactional set of facts, but what I am saying, judge, is that even under the same transactional test analysis, you are to look at the facts and to see, okay, are these set of facts exclusive to one cause of action or another? In addition, judge, I would say even under the transactional test, you're supposed to look at the, or you can look, you don't, I'm not requiring, but you can look at whether or not the same facts are being alleged in the same types of, in the same, the facts that we have to allege for breach of contract, the facts that we have to allege for bad faith are clearly separate. We noted that in our brief, but judge, the theories are separate, but the facts are the same group of facts. Well, judge, it's, it's the same. I would, I would phrase it this way. It's the same occurrence, but the, the facts that have to be set forth to establish a claim for bad faith and the facts that have to be set forth for a breach of contract are not the same group of facts that have to be proven to establish an ERISA violation. And I think that's the best way to put it. But judge, in addition to that fact, is that if you look at the causes of action that are filed here, Charlie Till, his statute of limitations doesn't still, I mean, at the earliest it runs, I think in 2018, judge. And the other thing is, is that we have a case here that if you, you, the court also has the authority, and we cited to some cases here with regards to the equitable application of rest judicata. And I would argue, judge, and we did argue and hopefully persuasively, but under these set of facts, we have a situation where the insurance company is allowed to switch positions, all of a sudden say, this isn't ERISA, file a subject matter jurisdiction argument, a subject matter jurisdiction motion to dismiss. And then when we come in and within the law, within the 30 days that we were required to refile our claim and then say that, oh no, it's rest judicata. I mean, if there was ever, I would argue your honor, respectfully, that if there was ever a set of facts with regards to the equitable application of rest judicata or not to, I would say that this is clearly that case. I mean, we have a gentleman who- Mr. Kramer, I'm sorry, your time is up. Okay, I apologize. You will have five minutes for rebuttal. Thank you. Mr. Berg, you may proceed. Thank you very much. May it please the court, counsel, again, good morning. I want to begin by pointing out that this case actually involves a very basic legal concept in Illinois. And that concept is if you have a set of facts that give rise to a claim, and that claim may be framed under various causes of action, but the underlying facts are basically the same facts, then the law requires you to allege all of your causes of action in one suit, or you risk them being barred under the concept of rest judicata. And that's basically the legal concept that is explained in the River Park case that was cited and which Judge Kappas relied upon for his decision in this case. The plaintiff did not allege state claims. That's a given in the case. He alleged an ERISA claim. And Mr. Creamer talked about how everything goes to subject matter jurisdiction, subject matter jurisdiction. And that's what we're talking about. But if you read Judge Durkin's ruling, it's very well reasoned. And basically, here's what it says. Number one, there was no waiver of anything because the federal court has subject matter jurisdiction to decide whether or not an ERISA plan is or is not involved. And then on page three of the opinion, Judge Durkin actually cited a Seventh Circuit case, the Sanzoni case versus Mercy Health, where he quoted language, we hold that whether a plan is an ERISA plan is an element of the plaintiff's case and not a jurisdictional inquiry. Judge Durkin goes on, Till's invocation of ERISA provides the court subject matter jurisdiction to decide whether ERISA covers his policy. And defining that Till's policy is outside ERISA's scope does not thereby deprive the court of subject matter jurisdiction. It simply means that Till's claim must be dismissed. So what the court did was, it dismissed the case, not on grounds of subject matter jurisdiction, because that's rolled into the analysis. They dismissed the claim for failure to state a claim, which is an adjudication on the merits. Mr. Creamer has talked about how somehow we switched positions in the case and went from acknowledging somehow that ERISA was applicable, and then it wasn't applicable. Those arguments go to waiver. I would respectfully submit that those arguments could and should have gone up to the Seventh Circuit Court of Appeals as a potential basis for overturning Judge Durkin's order, but that wasn't done. Mr. Creamer filed another case in DuPage County, alleging a state claim that he had never made in the federal case. And that's really the, since the state quorum had never been made before, that's why it's subject to race judicata. Because Judge Durkin's order was extremely clear when it said, to the extent that a pendant state claim had been made, that could continue. And the fact that he said his ruling was not based on the plausibility of the allegations, that's all consistent with the ruling. In other words, had a state court, had a state claim been made, he was declining to exercise jurisdiction over it and sending it to the state court. He was sending it to the state court because he hadn't ruled on it. The plausibility of the allegations may give rise to state court relief. And that's how that, when he says his ruling is not based on the plausibility of the allegations, it's totally consistent. If you have a state court claim, you can then file it in state court and pursue it. The big elephant in the room is that he didn't file a state court claim. So consequently, the law of race judicata applies. Mr. Berg, you're saying that the ruling does speak to the issue as to whether or not he would have declined jurisdiction? It does. It says he would have declined. He, oh, he's saying that if there was state court claims pled, I interpret that ruling that they would survive if they were pled. But they obviously were not pled. Exactly what you just said, though. I believe you were talking about if they had been pled, he would not have kept those claims in federal court. Well, that's one way to interpret that ruling, because he says if they were pled, they're going to go to state court. So I don't think he would have exercised jurisdiction over them. Well, there had not been a request for diversity jurisdiction at that point. Correct. There had not been. As quite frankly, Judge Durkin pointed out on page two, he acknowledges it. Till does not allege diversity jurisdiction. So his invocation of ERISA is the only potential basis for the court's jurisdiction. That's part of Judge Durkin's ruling on page two. So so the language that Mr. Creamer focused on is very consistent. I don't interpret that in any way that the fact that he mentioned the that his ruling was not based on the plausibility of the allegations does not open up, say, OK, then then the case, the claim must survive. No, that that's not it at all. And. The counsel, can I just ask? Was there any? So I just want to be clear on the timing of any discussion as it relates to diversity jurisdiction and federal court with plaintiffs. Was there any discussion prior to Judge Durkin's ruling as it relates to diversity? I understand Mr. Creamer to suggest that there was not. There absolutely was. Is that in the record? Well, I've cited I've cited to the record CL255 and CL268. I don't have that record in front of me, but I can tell you what happened before Judge Durkin ruled. I absolutely sent counsel either a letter or an email saying, look, there is no ERISA jurisdiction. There's not an employer sponsored plan here. I will agree if you convert it to a diversity case, you have to withdraw your ERISA claim, withdraw your ERISA claim. He didn't do that at all times. I honestly felt I was acting as a gentleman and and playing fairly, but it didn't happen. And and that's why, again, when counsel raises issues of there being unfairness or things to that nature. The plaintiff had the ability to cure the situation and and and and they didn't. So that's I think that goes to that. Was there some question as to whether or not ERISA applied at that time? There was some mention, and I can't put my thumb on it right now, that there was some case law out there regarding whether or not a employer could also be an employee as it related to an ERISA plan. Yes, that's that's discussed by Judge Durkin. There still there was a district decision made. That's the New York versus Department of Labor decision that was in the D.C. Circuit. And there was an issue of that. But Judge Durkin basically took the position that it didn't really matter what that ruling turned out to be, because this was an individual plan. And this was this was an individual plan. It was never an employer sponsored policy. And therefore, whether or not what happened on that on that decision ultimately would not affect this case. And again, I really think that some of the Mr. Creamer's complaints go to about a waiver issue. For instance, that my client somehow made them go through hoops of administrative reviews before suit. And again, I'm not acknowledging that that's evidence of anything. I've had non ERISA plans where my insurance companies deny things and I have to go through an appeals process to get relief. I don't think there's anything of record that says anything speaks anything to that. But even if it did, that waiver argument would have had to been brought to the Seventh Circuit because that waiver argument goes to the argument that somehow ERISA, we should be my client should be prohibited. Under an estoppel argument, more or less, from arguing that it's a non ERISA plan because our own conduct led him to unreasonably rely on do that. But that analysis should have gone to the Seventh Circuit. Once we have that Judge Durkin's order saying that there's a dismissal for a failure to state a claim, I would respectfully submit that as to the three elements that are necessary for race to apply, that adjudication on the merits element is satisfied by that ruling. Now, the other two elements that we've kind of touched upon were, is there an identity of cause of action and is there an identity of parties? Obviously, there's an identity of parties, but this case clearly, and I think Mr. Creamer kind of conceded it, involves both the federal case and the state case. They involve the same set of operative facts. This gentleman went to an ER, he had an abnormal EKG, he had multiple symptoms, shortness of breath, dizziness, chest pain, et cetera. He left the hospital against the advice of the doctors and went out and bought an insurance policy. He returned two days later and was diagnosed with a pulmonary embolism. It's the insurance policy that was procured that is at issue in both the cases. I think clearly those are the core operative facts that satisfy the transactional analysis that's affirmed in the River Park decision, the Illinois Supreme Court decision of River Park, that means that there's an identity of the cause of action. I think all of the elements of race judicata are met. I think Judge Kappas' analysis was sound. It was reasonable. I don't see any error that he made. I respectfully submit that he did not make any error. I would like to conclude. Before you conclude, one quick question. If we disagree with your analysis of Judge Durkin's ruling as it relates to reaching the merits and really just look at it as a dismissal on subject matter jurisdiction grounds, do you still win as it relates to the first prong? Do you understand my question? No, I completely understand the question. It's difficult for me to answer because it's quite clear to me that this case was not dismissed based on subject matter jurisdiction. If the case had been dismissed purely on subject matter jurisdiction grounds, I guess that could conceivably lead to that. I don't see how that reading is plausible when it's quite clear. The analysis that I read on page three of the opinion makes it clear that it was not dismissed on subject matter jurisdiction grounds. I see the basis for the question. The answer is I don't know, perhaps. I'd give that the benefit of Mr. Kramer. I just don't know how you get there under any circumstance. The other thing I really wanted to quickly point out is Mr. Kramer harps on the preemption. ERISA preempts. He couldn't do this because ERISA preempts. The big problem is that Mr. Kramer didn't have an ERISA case. ERISA preempts when you have an ERISA case. He didn't have one. Mr. Burke, did you admit that he did at some point in the federal proceedings? I admitted subject matter jurisdiction, your honor, which I pointed out. The court did have subject matter jurisdiction. What I said was not incorrect. I admitted subject matter jurisdiction and Judge Durkin confirmed in his ruling that he had subject matter jurisdiction. I understand what you're saying. I understand that argument. You're saying that that was your position from the very beginning, that there was subject matter jurisdiction, but they could not plead a proper complaint because of all the other facts, the fact that it was not an ERISA claim. Initially, I don't want to say that there was an ERISA cause of action because he had framed his complaint falsely. Basically, he had framed it as though there was an employer plan or an employer policy, and there wasn't. It was an individual policy. I don't want to pretend that it didn't. At some point, I conceded there may have been, but that shouldn't affect this court's ruling at all that should affect this subject matter jurisdiction. I accept that explanation. Justice McDade, if you could allow me a couple more questions. That's fine. Colby, in particular, was one that I had, Mr. Burke. Mr. Cramer has argued that Colby is not on all fours, and I know how you used it to say that in that particular case, it was returned and they were allowed to cause it. I have it here somewhere. What do you see as the distinction between Colby and how Mr. Cramer has argued Colby? The biggest distinction there is that state claims had been pled in Colby. They clearly had been pled. That's a giant distinguishing fact. What happened in Colby is there was an ERISA claims and then there's state law claims. Specifically, though, I think Mr. Cramer's argument is that they weren't the same, factually the same claims, that they weren't arising out of the same set of facts. Do you agree or disagree with that? Colby basically remanded the case to the district court to determine whether or not it would exercise its jurisdiction over the state law claims. It's unlike this case in that the state law claims could have either proceeded in the federal forum or as many federal justices do, they dismiss them without prejudice to state claims if they've been pled. I think Colby is entirely consistent with this case in that Judge Durkin, going back to full circle, Justice Heidel, to your original question was he dismissed them without prejudice if they were filed and he was probably going to relinquish the jurisdiction to the state court. One final question, the matter of sanctions. Would sanctions have been appropriate if they would have filed the state law claims in their initial complaint or filed them in state court prior to that? Well, I am not one to ever threaten sanctions. I did in this case, my client was so upset on these facts, the underlying facts that somebody could be in the hospital, go against the advice of his physician. I'm not speaking to a course of conduct and I understand these facts are difficult for the plaintiff in this case when I'm speaking up. Would they be subject to sanctions based on the seven circuits, rulings and other cases when you're mixing these two together? No, absolutely not. There's no sanctions if he had brought state claims with ERISA claims. He's not only permitted to do that, he's obligated to do that. Thank you, Mr. Berger. You've answered my questions. Are there any other questions for Mr. Berger? No, I do not. Okay. Thank you, Mr. Berger. Mr. Kramer, any rebuttal? Yes, Your Honor. Thank you very much. Mr. Kramer, if you could start with a response to that last statement by Mr. Berger. Throughout your briefing, you talked about the sanctions that you would have faced if you would have brought these claims. Mr. Berger disagrees. Well, Judge, I can tell you that we were threatened with sanctions earlier on in the case. Specifically sanctions for bringing these state law causes of action when there was... I'm sorry. I understand the question. Yes, I do firmly believe that we could have been suspect to sanctions. Obviously, that's an ultimate decision for defense counsel to make. But at the end of the day, if our claim is seeking the same remedies that are provided for under ERISA and it's black letter law across the entire nation that ERISA controls and that it is a complete preemption, I'm certainly opening myself and my client up for sanctions. That was my overall point with regards to that. There was a question or maybe some argument made with regards to diversity jurisdiction. It should be noted that National General did business in Illinois. That was never disputed. And my client resided in Illinois. There was no issue or question with regards to diversity jurisdiction to even have been brought up. With regards to the Colby case, Judge, it says in the overview, the very beginning of the opinion, it says plaintiff state law claims that were based on provider agreements with the defendants did not require interpretation or application of the plan, nor were they significantly related to the plan. Thus, those claims were not preempted. If you look at what those claims were, they were against third party providers. It didn't have anything to do with whether or not an ERISA violation had occurred. And in the other court case that was relied upon the defendant on the Turnaway case, all three of those state law claims, including breach of contract, including bad faith, were declared to have been preempted by ERISA. With respect to, I strongly disagree with the my client was diagnosed with a pulmonary embolism before the policy was purchased. That's just not accurate. I don't know if you even want to know that, but I just wanted to make that clear. With regards to the analysis of the case, clearly we have the fact, I think if you look in totality of what happened here, and you look at the multiple briefs that Judge Durkin had to dismiss the case based on the fact that there was no subject matter jurisdiction, because there was no ERISA. And with the federal preemption, and the fact that all the things that my client was told to do, and what he did do, clearly showed that it was, and it's their policy. And if you look at there, everything says group plan, group plan. And at end of the day, even if your justices respectfully disagree with the plaintiff's position, with respect to the elements of res judicata applied, there has been no other case that has been cited to this court by the defendant where res judicata was applied in an ERISA matter, because of the preemption. And that's because those claims can't be brought. And I mean, basically what the defense wants me to try to surmise is that, that despite all of their actions before the complaint was filed, and despite all of their my client believe that, no, this was all a facade that the ERISA didn't apply. And that we were going to, we should just know that we should have to plead these other state law claims, when the law is telling us that we can't do it. And they're telling us by their own actions that we shouldn't do it. And at the end of the day, those are those types of cases and the types of claims, I would respectfully request show that from an at least an equitable standpoint, res judicata should not apply. Because if you look at the analysis that the merits of the claim, unlike the River Park case, the merits of the claim were never decided. And, and they weren't even really addressed at all in the motion that that was filed. It was all about the application of ERISA, which goes to subject matter jurisdiction. And I thank you for your time very much. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel change. Thank you very much. Thank you. Thank you, justices. Thank you. Thank you.